UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRY STACY,

       Plaintiff,

v.                                  CASE NO. 3:14-cv-525-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his application for a Period of Disability and Disability Insurance

Benefits ("DIB").  Plaintiff alleges he became disabled on March 25, 2011.  (Tr.

32, 86.)  The assigned Administrative Law Judge ("ALJ") held a hearing on

September 25, 2012, at which Plaintiff was represented by an attorney.  (Tr. 22-

57.)  The ALJ found Plaintiff not disabled from March 25, 2011 through October

30, 2012, the date of the decision.[2]  (Tr. 86-96.)

In reaching his decision, the ALJ found that Plaintiff had the following

_____

[1] The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge  (Doc. 9.)

[2] This is the second decision by an ALJ finding Plaintiff not disabled.  On March
30, 2009, ALJ John Thompson, Jr. found Plaintiff not disabled from April 2, 2005
through March 30, 2009.  (Tr. 61-72.)  On October 30, 2012, ALJ Aaron Morgan found
Plaintiff not disabled from March 25, 2011 through October 30, 2012.  (Tr. 86-96.)

severe impairments: "lumbar disk disease; left shoulder injury; hypertension; diabetes mellitus; depression; borderline intellectual functioning; and sick sinus syndrome."  (Tr. 88.)  Further, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "less than the full range of light work."  (Tr. 90.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from March 25, 2011 through October 30, 2012.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence,

the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff argues that (1) the ALJ's finding that the examining opinions of Dr. Rocha and Dr. Risch were entitled to limited weight was not supported by substantial evidence, (2) the ALJ erred by failing to explain why he ignored portions of Dr. Ruffett's examining opinions despite giving the opinions "significant weight," and (3) the ALJ erred by failing to state the weight given to Mr. Grissinger's opinions in a work evaluation performed at the request of the State of Florida Department of Vocational Rehabilitation.

### A.   Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given

3

to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, *see Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. § 404.1527(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted," *Cooper v. Astrue*, 2008 WL 649244, *3 (M.D. Fla. Mar. 10, 2008). Further, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2007) (per curium). *See also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

### B.    The ALJ's Decision

The ALJ found that Plaintiff had the RFC to perform less than the full range of light work:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can occasionally climb stairs and balance, stoop, kneel, and crouch. The claimant is precluded from climbing ropes, ladders and scaffolding and from crawling. He must avoid exposure to extreme cold and heat, humidity, vibration, fumes, odors, dusts and gases and to hazards such as machinery and heights. The claimant can occasionally finger and feel with the left (non-dominant) hand and can occasionally reach overhead with the left (non-dominant) arm. Mentally, the claimant is limited to simple, routine tasks with up to 3-step commands and occasional changes in the work setting requiring no more than occasional judgment and decision making.

(Tr. 90.)

In making this finding, the ALJ gave "limited weight" to Dr. Rocha's examining opinion from September 7, 2012 because "the exam was performed at the request of claimant's counsel and presumably paid for by same."  (Tr. 94.) The ALJ stated: "Although the opinion overall is not entirely inconsistent with the medical record, there is no support for his findings of such severe sit and stand/walk limitations."  (*Id.*)  Similarly, the ALJ gave "limited weight" to Dr. Risch's examining psychological opinion from September 2012 because:

> [T]he marked restrictions she issued are not consistent with the GAF score of 60 (moderate restrictions) that she issued.  Moreover, the claimant underwent the examination that formed the basis of the opinion not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal.  Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

(*Id.*)  Further, the ALJ gave significant weight "to the unbiased opinion of Dr. Ruffett (Ex. B21F) who had concerns but noted that the claimant's condition may improve."  (*Id.*)

### C.    Relevant Evidence of Record

### 1.    Lily S. Rocha, M.D., J.D.

On April 12, 2011, Dr. Rocha examined Plaintiff for disability evaluation at the Commissioner's request.  (Tr. 438-42.)  She diagnosed lumbar spine pain, possibly disc disease, left elbow injury causing limited range of motion, bilateral

shoulder pain with limited range of motion, sleep apnea, and sick sinus syndrome requiring the use of a pacemaker.  (Tr. 439.)  Dr. Rocha noted Plaintiff had numbness in both hands, had been diagnosed with carpal tunnel syndrome, and had trouble gripping with his left hand.  (*Id.*)  Plaintiff's grip and fine dexterity were 5/5 on the right and 3/5 on the left.  (*Id.*)  His shoulder abduction was limited to 30 degrees, and the left shoulder internal external rotation was limited to 5 degrees. (*Id.*)  Plaintiff's lumbar spine range of motion was 20 degrees due to back pain. (*Id.*)  Dr. Rocha noted Plaintiff had "trouble sitting, standing, and walking for any prolonged period of time because of lumbar pain."  (Tr. 438.)

On September 7, 2012, Dr. Rocha examined Plaintiff at his counsel's request.  (Tr. 571-72.)  She diagnosed lumbar spine pain, left elbow injury, bilateral shoulder pain, and possible sick sinus syndrome.  (Tr. 572.)  She noted that Plaintiff complained more of his left elbow pain on this visit.  (Tr. 571.)  Dr. Rocha found Plaintiff had carpal tunnel syndrome on both wrists.  (*Id.*)  Plaintiff's left hand grip and fine dexterity was 4/5.  (*Id.*)  Plaintiff's lumbar spine range of motion was 20 degrees due to back pain.  (Tr. 572.)  Dr. Rocha noted Plaintiff had "problems sitting, standing, or walking because of his back pain."  (Tr. 571.)

On September 7, 2012, Dr. Rocha also completed a Physical RFC Questionnaire pertaining to Plaintiff.  (Tr. 573-77.)  She indicated, *inter alia*, that Plaintiff was capable of low stress jobs; could sit for four hours and stand/walk for four hours in an eight hour workday; could sit or stand for more than two hours at

one time; could rarely lift 20 pounds and occasionally lift 10 or more pounds; could rarely climb ladders and occasionally stoop, crouch/squat, twist, or climb stairs; and would likely be absent from work for more than four days per month as a result of the impairments or treatment.  (*Id.*)

## 2.    Sherry V. Risch, Ph.D.

On September 22, 2012, Dr. Sherry Risch performed a psychological evaluation of Plaintiff and completed a Psychiatric Review Technique ("PRT") and a Mental RFC Assessment, at his attorney's request.  (Tr. 578-97.)  She diagnosed Plaintiff with, *inter alia*, bipolar disorder, dementia due to head trauma and other health problems, post traumatic stress disorder, dyslexia, personality changes due to head trauma, chronic pain and physical limitations, depression, anxiety, sleep disturbance, agitation and irritability, limited social support network, learning difficulties, memory problems, problems with organization and problem solving, and a GAF score of 60.  (Tr. 583.)

Dr. Risch noted that Plaintiff was extremely agitated and frustrated at first, but calmed down over the course of the interview.  (*Id.*)  She also noted that Plaintiff was "quite dramatic in his overall presentation," and frequently moaned and groaned.  (Tr. 582.)  Dr. Risch opined:

> Mr. Stacy appears to be of simple intellect.  He presents with limited mental control.  He has problems with working and short-term memory.  Mr. Stacy would not be able to learn job rules and follow instructions at this time.  He has difficulty with organization and problem solving.  Mr. Stacy presents with an angry and agitated

affect.  He is a highly anxious [sic] and uncomfortable with social demands.  It appears that he would be limited in his ability to appropriately interact with coworkers and supervisors. He would not be a good candidate for working with the public.  Mr. Stacy would be of very poor reliability and predictability.  He complains of sleep disturbance.  He has social intolerances.  He complains of chronic pain and significant physical limitations.  He would not be able to maintain persistence and pace.

(Tr. 584.)

In the PRT, Dr. Risch opined, *inter alia*, that Plaintiff had marked limitations in maintaining concentration, persistence, or pace and in repeated episodes of decompensation, each of extended duration, and moderately limited in maintaining social functioning.  (Tr. 593.)  In the Mental RFC Assessment, Dr. Risch opined, *inter alia*, that Plaintiff was markedly limited in the ability to understand and remember very detailed instructions, to carry out detailed instructions, to maintain attention and concentration for extended periods, to perform activities within a schedule, to accept instructions and respond appropriately to criticism from supervisors, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace.  (Tr. 596-97.)

### D.    Analysis

As stated earlier, the ALJ gave limited weight to Dr. Rocha's September 7, 2012 opinions because "the exam was performed at the request of claimant's counsel and presumably paid for by same."  (Tr. 94.)  The ALJ also stated:

"Although the opinion overall is not entirely inconsistent with the medical record, there is no support for her finding of such severe sit and stand/walk limitations." (*Id.*)  The ALJ's reasons for giving Dr. Rocha's opinions limited weight are not supported by substantial evidence.

First, "the mere fact that a medical report is provided at the request of counsel or, more broadly, the purpose for which an opinion is provided, is not a legitimate basis for evaluating the reliability of the report."  *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *see also Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) (stating that "the fact that relevant evidence has been solicited by the claimant or her representative is not a sufficient justification to belittle or ignore that evidence").  As explained in *Punzio*, the claimant bears the burden of submitting medical evidence to establish his impairments, and, therefore, it is entirely appropriate for a claimant to request a medical source statement from a treating or examining source as to what the claimant can still do despite his impairments.  *See Punzio*, 630 F.3d at 712 (citing 20 C.F.R. §§ 404.1512(a), (c), 404.1513(a), (b), 404.1545(a)(3)).[3]

Further, the ALJ appears to concede that Dr. Rocha's opinion is generally consistent with the medical record, but states that "there is no support for her

---

[3] Curiously, the ALJ failed to address Dr. Rocha's April 12, 2011 examination findings or mention that Plaintiff was first examined by Dr. Rocha at the Commissioner's request.

finding of such severe sit and stand/walk limitations." (Tr. 94.) However, it appears that the ALJ misinterpreted Dr. Rocha's sit and stand/walk limitations. Although Dr. Rocha opined that Plaintiff could sit for four hours and stand/walk for four hours in an eight-hour workday, the ALJ's decision indicates that Dr. Rocha limited Plaintiff to two hours of sitting and two hours of standing/walking in an eight-hour workday. (*See* Tr. 92.) Because the ALJ apparently misinterpreted Dr. Rocha's opinions and also failed to explain what parts of the record contradict Dr. Rocha's sit and stand/walk limitations, the ALJ will be given an opportunity to reconsider those opinions on remand.

In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health and Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). Nevertheless, the Court will point out that, just like with Dr. Rocha, the ALJ erroneously discounted Dr. Risch's opinion by stating that Plaintiff "underwent the examination that formed the basis of the opinion not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal." (Tr. 94.) As shown above, the purpose for which an opinion is provided, is not a legitimate basis for evaluating its reliability, particularly where the ALJ has not provided

10

other reasons supported by substantial evidence to discount the opinion.  In this case, the only other reason the ALJ cited to discount Dr. Risch's opinion was the inconsistency between Dr. Risch's GAF score of 60 and the doctor's remaining findings of marked limitations.  However, "a GAF score does not itself necessarily reveal a particular type of limitation and is not an assessment of a claimant's ability to work."  *Ward v. Astrue*, 2008 WL 1994978, *3 (M.D. Fla. May 8, 2008) (internal quotations omitted).  *See also Braid v. Comm'r of Soc. Sec.*, Case No. 6:13-CV-230-ORL-GJK, 2014 U.S. Dist. LEXIS 35075, *16 n.9 (M.D. Fla. Mar. 18, 2014) (stating that "the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders does not utilize the GAF scale, noting that it was recommended 'the GAF be dropped . . . for several reasons, including its conceptual lack of clarity . . . and questionable psychometrics in routine practice'"); *Gassaway v. Astrue*, Case No. 8:06-CV-1869-T-TGW, 2008 U.S. Dist LEXIS 15973, *11 (M.D. Fla. Mar. 1, 2008) ("Reliance upon a GAF score is of questionable value in determining an individual's mental functional capacity."). Therefore, the ALJ's decision to give limited weight to Dr. Risch's opinions is not supported by substantial evidence, and the ALJ will be directed to reconsider those opinions as well.  In light of this conclusion, the ALJ will also be directed to reconsider the opinions of Dr. Ruffett and Mr. Grissinger, state the weight they are accorded, and the reasons therefor.

Accordingly, it is **ORDERED**:

1.      The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the opinions of Dr. Rocha, Dr. Risch, Dr. Ruffett, and Mr. Grissinger, explain what weight they are being accorded, and the reasons therefor; (b) reconsider the RFC assessment, if necessary; and (c) conduct any further proceedings deemed appropriate.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.      Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on June 3, 2015.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record